IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PH HEALTH LIMITED, and PAR HEALTH USA, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| ARS PHARMACEUTICALS OPERATIONS, INC, | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs PH Health Limited ("PHL") and Par Health USA, LLC ("PH USA") (collectively, "Plaintiffs") bring this action for patent infringement against ARS Pharmaceuticals Operations, Inc. ("ARS" or "Defendant").

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and in particular under 35 U.S.C. § 271. This action relates to New Drug Application ("NDA") No. 214697, filed by and for the benefit of ARS with the United States Food and Drug Administration (FDA). Through NDA No. 214697, ARS seeks approval to market ARS's Neffy® (epinephrine nasal spray) drug product ("Proposed NDA Product"), prior to the expiration of U.S. Patent Nos. 9,119,876 (the "'876 Patent"), 9,295,657 (the "'657 Patent"), 12,280,024 (the "'024 Patent"), and 10,130,592 (the "'592 Patent") (collectively, "the Patents-in-Suit").

## THE PARTIES

2. PHL is an Irish company with offices located at First Floor, Minerva House, Simmonscourt Road, Ballsbridge, Dublin 4, D04 H9P8, Ireland.

3.      PH USA is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 9 Great Valley Parkway, Malvern, Pennsylvania 19355.

4.      On information and belief, Defendant ARS Pharmaceuticals Operations, Inc. is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business at 11682 El Camino Real, San Diego, California 92130.

5.      On information and belief, ARS is a pharmaceutical manufacturer that develops, manufactures, markets and/or distributes pharmaceutical products around the United States, including in this judicial district.

6.      Defendant's NDA No. 214697 seeks approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed NDA Product prior to the expiration of the Patents-in-Suit.

7.      On information and belief, Defendant intends to obtain approval for Defendant's NDA, and, in the event the FDA approves that Defendant's NDA, to commercially manufacture, use, offer for sale, sell, and/or import the Proposed NDA Product.

**JURISDICTION AND VENUE**

8.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, arising out of the submission of Defendant's NDA No. 214697 to the FDA.

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 35 U.S.C. § 1 et seq.

10.     This Court has personal jurisdiction over ARS because ARS is a Delaware corporation.  Further, this Court has personal jurisdiction over ARS because, *inter alia*, it has

maintained continuous and systematic contacts with this District and availed itself of the privilege of doing business in this District.  On information and belief, ARS has acted: (1) to file Defendant's NDA seeking approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed NDA Product in the United States, including in this District; (2) regularly and continuously transacted business within this District, including by selling pharmaceutical products in this District either on its own or through its affiliates; and (3) derived substantial revenue from the sale of those products in this District.

11.    On information and belief, if Defendant's NDA is approved, the Proposed NDA Product charged with infringing the Patents-in-Suit will be marketed, distributed, offered for sale, and/or sold in this District, prescribed by physicians practicing in this District, and/or used by patients in this District, all of which would have a substantial effect on this District.

12.    For the reasons set forth above, and for additional reasons which will be supplied if Defendant challenges personal jurisdiction in this action, Defendant is subject to personal jurisdiction in this District.

13.    Venue is proper in this District for ARS pursuant to 28 U.S.C. §§ 1391(c) and 1400 because, *inter alia*, ARS is subject to personal jurisdiction in this District.

## THE PATENTS-IN-SUIT

14.    The '876 Patent, titled "Epinephrine formulations," was duly and legally issued by the United States Patent and Trademark Office on September 1, 2015.  A true and correct copy of the '876 Patent is attached as Exhibit A.  The '876 Patent is assigned to PHL.

15.    The '876 Patent was listed in the Orange Book (Approved Drug Products with Therapeutic Equivalence Evaluations) for NDA No. 204200 on January 14, 2016.

3

16.     The '657 Patent, titled "Epinephrine formulations," was duly and legally issued by the United States Patent and Trademark Office March 29, 2016.  A true and correct copy of the '657 Patent is attached as Exhibit B.  The '657 Patent is assigned to PHL.

17.     The '657 Patent was listed in the Orange Book (Approved Drug Products with Therapeutic Equivalence Evaluations) for NDA No. 204200 on April 12, 2016.

18.     The '024 Patent, titled "Epinephrine formulations," was duly and legally issued by the United States Patent and Trademark Office on April 22, 2025. A true and correct copy of the '024 Patent is attached as Exhibit C.  The '024 Patent is assigned to PHL.

19.     The '024 Patent was listed in the Orange Book (Approved Drug Products with Therapeutic Equivalence Evaluations) for NDA No. 204200 on April 25, 2025.

20.     The '592 Patent, titled "Epinephrine formulations," was duly and legally issued by the United States Patent and Trademark Office on November 20, 2018. A true and correct copy of the '592 Patent is attached as Exhibit D.  The '592 Patent is assigned to PHL.

## FACTUAL BACKGROUND
**Adrenalin® (epinephrine)**

21.     PHL is the holder of NDA No. 204200 for Adrenalin® (epinephrine injection) in 1 mg/mL single-dose vials ("Adrenalin® vials").

22.     Adrenalin® vials were the first FDA-approved epinephrine injection product for use in a clinical setting available in the United States.  Adrenalin® vials are indicated for the emergency treatment of allergic reactions (Type 1), including anaphylaxis, and to increase mean arterial blood pressure in adult patients with hypotension associated with septic shock.

23.     Epinephrine is involved in various regulatory processes within the body, including regulation of heartbeat, blood pressure, airway resistance, and energy metabolism.

24.     PH USA sells Adrenalin® vials.

**Defendant's NDA**

25.    In a letter dated January 7, 2026 (the "Notice Letter"), Defendant stated that it had sought FDA approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed NDA Product prior to the expiration of the '876, '657, and '024 Patents.  The Notice Letter further stated that Defendant's NDA contained a certification pursuant to 21 U.S.C. § 355(b)(2)(A)(iv) (a "Paragraph IV Certification") that the '876, '657, and '024 Patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, offer for sale, sale, and/or importation of the Proposed NDA Product.

26.    Defendant was aware of the Patents-in-Suit when it submitted Defendant's NDA with a Paragraph IV Certification.

27.    On information and belief, Defendant's NDA refers to and relies upon the NDA for Adrenalin® (epinephrine) and contains data that, according to Defendant, demonstrate the bioequivalence of the Proposed NDA Product and Adrenalin® (epinephrine).  *See* 21 U.S.C. § 355(b)(2).

28.    On information and belief, Defendant's Proposed NDA Product label will instruct healthcare providers to prescribe its Proposed NDA Product in the manner set forth in the label.

29.    On information and belief, the FDA has not yet approved Defendant's NDA.

30.    Plaintiffs commenced this action within 45 days of receipt of the Notice Letter.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,119,876

31.    Plaintiffs hereby reallege and incorporate the allegations of paragraphs 1–30 of this Complaint.

32.    Defendant's Notice Letter provides conclusory arguments of non-infringement with no information to evaluate those arguments.

33.    Defendant's Notice Letter included an Offer for Confidential Access.  On January 29, 2026, Plaintiffs proposed revisions to Defendant's Offer of Confidential Access to enable Plaintiffs to meaningfully evaluate the bases for Defendant's assertion of non-infringement of the claims of the Patents-in-Suit.  Plaintiffs followed up on February 6, 2026.  Defendant did not acknowledge or respond to any of Plaintiffs' requests.

34.    To date, Plaintiffs have not received materials from Defendant to enable Plaintiffs to meaningfully evaluate the bases for Defendant's assertion of non-infringement of the claims of the '876 Patent.

35.    In the absence of the ability to meaningfully evaluate information related to Defendant's NDA No. 214697, Plaintiffs resort to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm their belief and to present to the Court evidence that Defendant infringes one or more claims of the '876 Patent.  *See Hoffman-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359 (Fed. Cir. 2000).

36.    On information and belief, the Proposed NDA Product infringes one or more claims of the '876 Patent, either literally or under the doctrine of equivalents, by the Proposed NDA Product's use of an epinephrine composition as covered by one or more of the claims of the '876 Patent.

37.    Defendant's submission of Defendant's NDA to the FDA under 21 U.S.C. § 355(b)(2) for the purpose of obtaining approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed NDA Product before the expiration of the '876 Patent constitutes infringement of one or more claims of the '876 Patent under 35 U.S.C. § 271(e)(2).

38.    On information and belief, Defendant plans to, intends to, and will commercially manufacture, use, offer for sale, sell, and/or import the Proposed NDA Product immediately upon

approval of Defendant's NDA and will instruct healthcare providers to use the Proposed NDA Product in accordance with the proposed product labeling.

39. On information and belief, upon FDA approval of Defendant's NDA, Defendant will infringe one or more claims of the '876 Patent by making, using, offering to sell, selling, and/or importing the Proposed NDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

40. On information and belief, Defendant had knowledge of the '876 Patent when it submitted Defendant's NDA to the FDA, Defendant knew or should have known that it will induce or contribute to another's direct infringement of the '876 Patent, and Defendant acted with the specific intent to induce or contribute to another's direct infringement of the '876 Patent.

41. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 9,295,657

42. Plaintiffs hereby reallege and incorporate the allegations of paragraphs 1–41 of this Complaint.

43. Defendant's Notice Letter provides conclusory arguments of non-infringement with no information to evaluate those arguments.

44. Defendant's Notice Letter included an Offer for Confidential Access. On January 29, 2026, Plaintiffs proposed revisions to Defendant's Offer of Confidential Access to enable Plaintiffs to meaningfully evaluate the bases for Defendant's assertion of non-infringement of the claims of the Patents-in-Suit. Plaintiffs followed up on February 6, 2026. Defendant did not acknowledge or respond to any of Plaintiffs' requests.

45.     To date, Plaintiffs have not received materials from Defendant to enable Plaintiffs to meaningfully evaluate the bases for Defendant's assertion of non-infringement of the claims of the '657 Patent.

46.     In the absence of the ability to meaningfully evaluate information related to Defendant's NDA No. 214697, Plaintiffs resort to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm their belief and to present to the Court evidence that Defendant infringes one or more claims of the '657 Patent.  *See Hoffman-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359 (Fed. Cir. 2000).

47.     On information and belief, the Proposed NDA Product infringes one or more claims of the '657 Patent, either literally or under the doctrine of equivalents, by the Proposed NDA Product's use of an epinephrine composition as covered by one or more of the claims of the '657 Patent.

48.     Defendant's submission of Defendant's NDA to the FDA under 21 U.S.C. § 355(b)(2) for the purpose of obtaining approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed NDA Product before the expiration of the '657 Patent constitutes infringement of one or more claims of the '657 Patent under 35 U.S.C. § 271(e)(2).

49.     On information and belief, Defendant plans to, intends to, and will commercially manufacture, use, offer for sale, sell, and/or import the Proposed NDA Product immediately upon approval of Defendant's NDA and will instruct healthcare providers to use the Proposed NDA Product in accordance with the proposed product labeling.

50.     On information and belief, upon FDA approval of Defendant's NDA, Defendant will infringe one or more claims of the '657 Patent by making, using, offering to sell, selling,

and/or importing the Proposed NDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

51.    On information and belief, Defendant had knowledge of the '657 Patent when it submitted Defendant's NDA to the FDA, Defendant knew or should have known that it will induce or contribute to another's direct infringement of the '657 Patent, and Defendant acted with the specific intent to induce or contribute to another's direct infringement of the '657 Patent.

52.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 12,280,024

53.    Plaintiffs hereby reallege and incorporate the allegations of paragraphs 1–52 of this Complaint.

54.    Defendant's Notice Letter provides conclusory arguments of non-infringement with no information to evaluate those arguments.

55.    Defendant's Notice Letter included an Offer for Confidential Access.  On January 29, 2026, Plaintiffs proposed revisions to Defendant's Offer of Confidential Access to enable Plaintiffs to meaningfully evaluate the bases for Defendant's assertion of non-infringement of the claims of the Patents-in-Suit.  Plaintiffs followed up on February 6, 2026.  Defendant did not acknowledge or respond to any of Plaintiffs' requests.

56.    To date, Plaintiffs have not received materials from Defendant to enable Plaintiffs to meaningfully evaluate the bases for Defendant's assertion of non-infringement of the claims of the '024 Patent.

57.     In the absence of the ability to meaningfully evaluate information related to Defendant's NDA No. 214697, Plaintiffs resort to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm their belief and to present to the Court evidence that Defendant infringes one or more claims of the '024Patent. *See Hoffman-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359 (Fed. Cir. 2000).

58.     On information and belief, the Proposed NDA Product infringes one or more claims of the '024 Patent, either literally or under the doctrine of equivalents, by the Proposed NDA Product's use of an epinephrine composition as covered by one or more of the claims of the '024 Patent.

59.     Defendant's submission of Defendant's NDA to the FDA under 21 U.S.C. § 355(b)(2) for the purpose of obtaining approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed NDA Product before the expiration of the '024 Patent constitutes infringement of one or more claims of the '024 Patent under 35 U.S.C. § 271(e)(2).

60.     On information and belief, Defendant plans to, intends to, and will commercially manufacture, use, offer for sale, sell, and/or import the Proposed NDA Product immediately upon approval of Defendant's NDA and will instruct healthcare providers to use the Proposed NDA Product in accordance with the proposed product labeling.

61.     On information and belief, upon FDA approval of Defendant's NDA, Defendant will infringe one or more claims of the '024 Patent by making, using, offering to sell, selling, and/or importing the Proposed NDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

62.     On information and belief, Defendant had knowledge of the '024 Patent when it submitted Defendant's NDA to the FDA, Defendant knew or should have known that it will induce

10

or contribute to another's direct infringement of the '024 Patent, and Defendant acted with the specific intent to induce or contribute to another's direct infringement of the '024 Patent.

63. Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 10,130,592**

64. Plaintiffs hereby reallege and incorporate the allegations of paragraphs 1–63 of this Complaint.

65. Defendant's Notice Letter included an Offer for Confidential Access. On January 29, 2026, Plaintiffs proposed revisions to Defendant's Offer of Confidential Access to enable Plaintiffs to meaningfully evaluate the bases for Defendant's assertion of non-infringement of the claims of the Patents-in-Suit. Plaintiffs followed up on February 6, 2026. Defendant did not acknowledge or respond to any of Plaintiffs' requests.

66. To date, Plaintiffs have not received materials from Defendant to enable Plaintiffs to meaningfully evaluate the bases for Defendant's assertion of non-infringement of the claims of the '592 Patent.

67. In the absence of the ability to meaningfully evaluate information related to Defendant's NDA No. 214697, Plaintiffs resort to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm their belief and to present to the Court evidence that Defendant infringes one or more claims of the '592 Patent. *See Hoffman-La Roche Inc. v. Invamed Inc.*, 213 F.3d 1359 (Fed. Cir. 2000).

11

68. Defendant did not submit a Paragraph IV Certification for the '592 Patent, but this does not preclude Plaintiffs from commencing suit. *See Vanda Pharms. Inc. v. W.-Ward Pharms. Int'l Ltd.*, 887 F.3d 1117, 1125 (Fed. Cir. 2018).

69. On information and belief, the Proposed NDA Product infringes one or more claims of the '592 Patent, either literally or under the doctrine of equivalents, by the Proposed NDA Product's use of an epinephrine composition as covered by one or more of the claims of the '592 Patent.

70. Defendant's submission of Defendant's NDA to the FDA under 21 U.S.C. § 355(b)(2) for the purpose of obtaining approval to commercially manufacture, use, offer for sale, sell, and/or import the Proposed NDA Product before the expiration of the '592 Patent constitutes infringement of one or more claims of the '592 Patent under 35 U.S.C. § 271(e)(2).

71. On information and belief, Defendant plans to, intends to, and will commercially manufacture, use, offer for sale, sell, and/or import the Proposed NDA Product immediately upon approval of Defendant's NDA and will instruct healthcare providers to use the Proposed NDA Product in accordance with the proposed product labeling.

72. On information and belief, upon FDA approval of Defendant's NDA, Defendant will infringe one or more claims of the '592 Patent by making, using, offering to sell, selling, and/or importing the Proposed NDA Product in the United States, and by actively inducing and/or contributing to infringement by others under 35 U.S.C. § 271(b) and/or (c).

73. On information and belief, Defendant had knowledge of the '592 Patent when it submitted Defendant's NDA to the FDA, Defendant knew or should have known that it will induce or contribute to another's direct infringement of the '592 Patent, and Defendant acted with the specific intent to induce or contribute to another's direct infringement of the '592 Patent.

74.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant the following relief:

a)    Judgment that Defendant's submission of Defendant's NDA to the FDA was an act of infringement of one or more claims of the Patents-in-Suit under 35 U.S.C. § 271(e)(2);

b)    Judgment that Defendant's making, using, offering to sell, selling, or importing into the United States of the Proposed NDA Product prior to the expiration of the Patents-in-Suit, will infringe, will actively induce infringement, and/or will contribute to the infringement of one or more claims of the Patents-in-Suit;

c)    An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of Defendant's NDA shall be a date that is not earlier than the expiration of the Patents-in-Suit plus any other exclusivity to which Plaintiffs are or become entitled;

d)    An Order permanently enjoining Defendant, Defendant's affiliates and subsidiaries, each of its officers, agents, servants and employees, and any person acting in concert with Defendant, from making, using, offering to sell, selling, or importing into the United States the Proposed NDA Product until after the expiration of the Patents-in-Suit plus any other exclusivity to which Plaintiffs are or become entitled;

e)    A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285 and an award of reasonable attorneys' fees, expenses, and disbursements of this action;

f)    An award of Plaintiffs' reasonable costs and expenses in this action; and

g)    Such further and other relief as this Court deems proper and just.

OF COUNSEL:

Brett J. Williamson
James Yi Li
Joanne (Gyuhyun) Bae
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, 17th Floor
New York, NY 10019
(212) 326-2000

Robert F. Shaffer
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
(202) 383-5300

February 19, 2026

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs*

14